POTTER v. DILLON.

If an acceptance be given in the name of the firm by one of the partners for his own separate use, and that fact is not known to the other party, the firm is bound by the acceptance.

Appeal from the Court of Common Pleas of Saint Louis County.

*Gamble & Walker for Appellant.*

1. The law is settled that, where one partner signs the name of the firm, as makers, endorsers, or acceptors of a note or bill, without the knowledge or assent of the other parner, to discharge his individual debt, or for purposes not connected with the partnership business, and the payee or person receiving such note or bill, knows the circumstances

under which it is given, the other partner is not liable. Foote v. Sabin, 19 Johns. Rep. 154; Dobb v. Halsey, 16 Johns. Rep. 38; Lansing v. Gaines, 2 Johns. Rep. 300; Livingston v. Roosevelt. 4 Johns. 278; Lloid v. Freshfield, 22 English Com. Law Rep. 382; 3 Kent's Com. 42; New York Ins. Co. v. Bennett, 5 Cowen, 574; Green v. Caldwell, ibid. 489.

2d. One partner cannot bind the firm by using the name of the firm for his own private debt, without the knowledge or assent of his copartners. Livingston v. Hostie and others, 2 Carie's Rep. 246; Green v. Deakin, 3 English Com. Law Rep. 377; Sherif v. Wiltis, 1 East. Rep. 48; Ridby v. Taylor, 13 East. Rep. 175; Walden v. Sherburn, 15 Johns. 409; Whitaker v. Brown, 11 Wend. 75.

3d. Nor can one partner bind his copartner by using the name of the firm for his own private debt, when the creditor taking the note or bill, knew that it was given for his individual debt, or for purposes not connected with the partnership, even where the other partner knew at the time of the name of the firm being used for such purpose. Mercein v. Andrus, 10 Wendall, 461; Foote v. Sabin, 19 Johns. 154.

4th. And the burthen of proof in such cases is on the creditor to show that such other partner authorised or assented to the use of the name of the firm by one partner for his individual debt. Chazournes v. Edwards and Frost, 3 Pickering Mass. Rep. 5; Foote v. Sabine, 19 Johns. 154; 3 Kent. Com. 43; Lovesty v. Burr, 1 Wend. 529; Schemerhorn v. Schemerhorn, ibid. 119.

### Holmes for Defendant.

The court will not set aside the verdict of a jury unless it appear to have been manifestly against evidence or the weight of evidence, unless palpable injustice has been done, and the cause be of sufficient value. Graham on New Trials, 362, 368; 3 Mo. Reports, 464, 467; 4 Mo. Rep. 295, 301; Steph on P. C. 96. Verdict must be decidedly against the weight of evidence, 12 Wend. 27; 11 Wend. 143; 2 Cowen, 479; 9 Johns. R. 36.

Opinion of the Court by Tompkins, Judge.

Potter
v.
Dillon.

Potter brought this suit against Dillon before a justice of the peace. The matter being submitted to the justice, he found a verdict and gave a judgment for the plaintiff.

The defendant Dillon then appealed to the court of common pleas. In this court the evidence was detailed to a jury, and a verdict being found by them for the plaintiff, the court gave a judgment accordingly.

The suit is brought on a bill of exchange drawn by one Charles F. Downing on Reilly and Dillon, in favor of the plaintiff, Potter. This bill was accepted in writing by Reilly and Dillon. The acceptance was in the handwriting of Reilly : at the time of the acceptance Reilly was a partner of Dillon in business. Evidence was given by the defendant to prove that nothing was found on the books of Reilly and Dillon to show that there had ever been any dealings betwixt the plaintiff and the firm of Reilly and Dillon ; but that previously to the partnership betwixt them there had been some business transactions betwixt the plaintiff and Reilly, which were not known to be settled. That the drawer had been, and was at the time the bill was drawn, a clerk of Reilly and Dillon. A letter from the plaintiff to Dillon was also read in evidence, in which Potter states that he holds an order drawn by Charles F. Downing for one hundred dollars, and accepted by Reilly and Dillon, &c. He says something is due, he supposes about fifty dollars. The court instructed the jury that if they believed that this acceptance was given by Reilly to plaintiff to pay a separate debt of Reilly, and that Potter knew that Reilly was using the partnership name to secure his own private debt, they will find for the defendant. The defendant moved for a new trial for the usual reasons, that the verdict was against evidence, &c., and that the jury were misled by the instructions of the court.

If an acceptance be given in the name of the firm by one of the partners for

The instructions of the court were in my opinion, and according to the showing of the defendant himself in his brief, very correct. This being my opinion, it might be sufficient to stop, but the defendant, appellant here, seems to

think that after a finding against him by a justice of the peace acting the part of a jury, and also by a jury acting under the direction of the court of common pleas, that still the finding is against evidence. To order a new trial in such a case would be but an appeal from one jury to another, with this further evil, that it would hold out a temptation to parties, even honest parties, to be negligent in the production of their evidence in the first trials. The court of common pleas, with better opportunity to judge of the credit due to the witnesses, than we have, was satisfied with this verdict. But the defendant has not even taken the precaution to exclude the presumption that there might have been other evidence given to the jury. The judgment of the court of common pleas is affirmed.